■      INEZ F. SISCO et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 57680-A.)—Appeal from a judgment, entered April 1, 1975, upon a decision of the Court of Claims. On April 4, 1972, at about 7:40 A.M., Inez Sisco was operating a Ford station wagon in a generally northerly direction on State Highway No. 8 in Delaware County. A light snow was falling and there was an accumulation of wet snow and ice on the highway. Route 8 is a two-lane winding macadam highway and was signed for 30 miles per hour and was level in the area of the accident. Mrs. Sisco proceeded along and, at a point on the highway approximately two miles north of the hamlet of Masonville, as she was negotiating a curve in the road, she lost control of the vehicle and skidded along and across the southbound lane, and the station wagon came to a halt with its front against and entwined in the cable of the guardrail on the westerly side of the highway. The station wagon was at a 45 degree angle to the highway and was blocking about three quarters of the southbound lane. With Mrs. Sisco at the time of this accident (hereinafter referred to as the first accident) were her daughter, a foster daughter and the latter's six-month-old baby. No one was injured, and, upon ascertaining this fact, the driver of a passing sanding truck drove off to notify the police. A later passerby stopped and placed three 30-minute flares at the scene, so as to warn other motorists. Trooper Westfall arrived at the scene at about 8:00 A.M. and invited the Siscos to his unmarked troop car to protect them from the weather and to obtain information for his accident report. The troop car was parked on the shoulder of the southbound lane, some distance northerly of the Sisco vehicle. During the preparation of the accident report, the six-month-old baby became restless, at which point Mrs. Sisco, the claimant, left the troop car and proceeded to the right rear door of her wagon to procure milk for the infant. Unable to find the bottle, she then proceeded out into the highway and to the rear of the station wagon and opened the tailgate to continue her search. While the claimant was thus positioned, a northbound automobile being driven by a Mrs. Wright went out of control and followed the precise route of the Sisco vehicle, thereby crushing Mrs. Sisco between the front of the Wright vehicle and the rear of the Sisco vehicle. This accident (hereinafter referred to as the second accident), while miraculously not causing her death, resulted in very severe and serious injuries to Mrs. Sisco. The claimant and her husband commenced actions against the State and, after trial, the court found, *inter alia,* that the failure of Trooper Westfall to provide adequate

warning of the dangerous circumstances by flares and illumination of the troop car light after the first accident constituted negligence on the part of the State. The court found that Mrs. Wright was guilty of negligence which was a proximate cause of the second accident, and also determined that Mrs. Sisco was guilty of contributory negligence and dismissed her claim and, of course, the claim of her husband. From that judgment claimants appeal and urge that Mrs. Sisco was not guilty of contributory negligence and that, even if she were guilty of contributory negligence, she was still entitled to recover because of the doctrine of last clear chance. We must reject both of these contentions. Though she had been a recent victim of the treacherous conditions of the highway in the first accident, Mrs. Sisco, in the absence of an emergency or any other compelling circumstance, chose to place herself in a position of grave danger. She, more than anybody else, knew of the dangerous conditions and, yet, apparently oblivious to the fact that other users might fall prey to the same conditions which contributed to the first accident, ventured out into the slippery highway and literally turned her back on approaching traffic. Clearly, the claimant was guilty of negligence which contributed to the accident. That the doctrine of last clear chance is inapplicable to these facts is equally clear. That doctrine will apply only "[when] the circumstances were such that the defendant in the present exercise of reasonable care should have realized the danger involved in the situation in which he discovered the plaintiff in time, by the use of instrumentalities then in his control and under the conditions then existing, to have enabled him to avert the accident" (41 NY Jur, Negligence, § 72). It is obvious here that the trooper did not know nor could he reasonably anticipate what course the claimant would follow in pursuit of her errand. Furthermore, the testimony is uncontradicted that he did not see her after she left the car until he glanced up and saw the Wright vehicle skidding toward her. He was helpless to assist her, and the "doctrine applies only where there is a time sequence, *an interval in which plaintiff's act of negligence is complete and in which the defendant has an opportunity to avert the disaster*" (emphasis added) (41 NY Jur, Negligence, § 73). While our sympathies are aroused in favor of the claimants, this doctrine is inapplicable to these facts, and the judgment must be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.